67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lucio LOMALI-VASQUEZ, Defendant-Appellant.
 No. 95-50088.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Sept. 28, 1995.
As Amended on Denial of Rehearing Dec. 22, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I. Admission of the TECS Report
 
 3
 Appellant Lucio Lomali-Vasquez challenges the lower court's decision to admit a TECS report showing the number of times his car crossed the border in the weeks preceding his arrest. Lomali characterizes the TECS report as irrelevant and prejudicial and argues that it should not have been admitted as rebuttal evidence. He also argues that the report was used to impeach defense witnesses on collateral issues in violation of Federal Rule of Evidence 608(b). Reviewing the district court's decision under an abuse of discretion standard, United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir.1991), we find no error.[1]
 
 
 4
 The district court found the TECS report relevant because it tended to rebut part of Lomali's case. We agree. Lomali's version of the events suggested that strangers had hidden the marijuana in his car during a repair but were unable to retrieve it because they "lost" the car. Lomali also attempted to show that he worked several jobs and therefore had neither the time nor the motive to engage in drug smuggling. Because the TECS report tended to rebut this evidence, it was relevant and was properly admitted in rebuttal. See United States v. Sanchez-Robles, 927 F.2d 1070, 1077-78 (9th Cir.1991). Moreover, the district court did not abuse its discretion in determining that the report's probative value was not substantially outweighed by its prejudicial effect.[2]
 
 
 5
 Lomali's Rule 608(b) argument also fails. Although Rule 608(b) prohibits a party from introducing extrinsic evidence "solely for the purpose of attacking the credibility of the witness," evidence may be admitted if it is also relevant to disproving a defense. Sanchez-Robles, 927 F.2d at 1078. Here, the TECS report contradicted testimony that Lomali held several jobs and was relevant to disproving Lomali's theory that because of this employment, he had neither the time nor the motive to engage in smuggling. Accordingly, the lower court's decision to admit the report was not an abuse of discretion.
 
 II. Admission of Officer Jackson's Testimony
 
 6
 Lomali argues that some of Officer Jackson's testimony constituted "drug profile" evidence and, as such, should not have been admitted. We agree.
 
 
 7
 Drug profiles are "a somewhat informal compilation of characteristics believed to be typical of persons unlawfully carrying narcotics." United States v. Lui, 941 F.2d 844, 847 (9th Cir.1991) (citing Reid v. Georgia, 448 U.S. 438, 440 (1980) (per curiam)). Admission of such evidence is reviewed for abuse of discretion. United States v. Lim, 984 F.2d 331, 334 (9th Cir.1993) (citation omitted).
 
 
 8
 This court has repeatedly denounced the use of drug profiles as substantive evidence of guilt. See Lui, 941 F.2d at 847; Lim, 984 F.2d at 335. The government argues that Officer Jackson's testimony, which focused primarily on his inspection of Lomali's car, did not constitute drug profile evidence. Jackson testified on direct examination that Lomali's trunk contained cleaning equipment and a bag of fish, in addition to the spare tire that was later found to contain marijuana. On redirect, however, the government elicited the following testimony over objection:
 
 
 9
 Q: In your experience, Officer Jackson, have people used different items with strong smells to mask the smell of marijuana?
 
 
 10
 A: Yes, almost always.
 
 
 11
 Transcript at 75. This testimony attempted to implicate Lomali by associating his actions--carrying fish in his trunk--with those of drug smugglers in general. See Lui, 941 F.2d at 847. As such, it constitutes drug profile evidence and should not have been admitted.[3]
 
 
 12
 We find, however, that the lower court's error was harmless. In light of the other evidence against Lomali, discussed below, it is "more probable than not that the prejudice resulting from the error did not materially affect the verdict." Lim, 984 F.2d at 335 (citation omitted).
 
 III. Sufficiency of the Evidence
 
 13
 Finally, we reject Lomali's contention that there was insufficient evidence to support his conviction. A conviction must be sustained if, viewing the evidence in a light most favorable to the prosecution, it is determined that a rational jury could have found the essential elements of the crime beyond a reasonable doubt. United States v. Zuno-Arce, 44 F.3d 1420, 1424 (9th Cir.1995). Such was the case here.
 
 
 14
 Lomali contends the government failed to prove beyond a reasonable doubt that he knew the drugs were in his car. Although knowledge cannot be established by a defendant's mere proximity to the drugs, possession of a large quantity of drugs "may be sufficient to infer both knowledge and intent." United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991) (citation omitted). Here, Lomali was the driver and sole occupant of a car whose trunk contained thirty-seven pounds of marijuana, hidden in a spare tire that did not fit the car. Customs officials had noticed Lomali's nervousness at the border crossing. Moreover, the jurors easily could have found Lomali's version of events--that smugglers had hidden the marijuana in his car during a repair, intending to retrieve it later--to be implausible. See United States v. Stauffer, 922 F.2d 508, 515 (9th Cir.1990). We are unable to conclude that no rational juror could have reached a guilty verdict based on this evidence.
 
 
 15
 Lomali's conviction is AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also reject Lomali's contention that the TECS report constituted evidence of prior bad acts and therefore should have been excluded pursuant to Federal Rule of Evidence 404(b). "TECS reports ... show border crossings, not wrongs or acts showing character. The evidence is not within the scope of Rule 404(b)." United States v. Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir.1991)
 
 
 [2]
 The district court minimized any potential prejudice to Lomali by refusing to allow the government to argue that frequent trips across the border indicated drug smuggling
 
 
 [3]
 We reject the government's contention that the evidence is admissible under United States v. Beltran-Rios, 878 F.2d 1208 (9th Cir.1989), which allows the use of drug profile evidence "to rebut specific attempts by the defense to suggest innocence based on the particular characteristics described in the profile." Id. at 1213 n. 2. Contrary to the government's assertion, Lomali did not "open the door" when he suggested that if the fish kept Officer Jackson from smelling the marijuana, it would also have kept Lomali from smelling the marijuana and thus discovering it. Because Lomali's claim in no way rested on any assumptions about the behavior of drug smugglers, it did not fall within the Beltran-Rios exception